391 F.Supp. 761 (1975)
Michael JAHNS, Plaintiff,
v.
MISSOURI PACIFIC RAILROAD COMPANY, Defendant.
No. 74-771C (2).
United States District Court, E. D. Missouri, E. D.
March 3, 1975.
*762 Stuart Cofman, Cofman, Nissenholtz & Weinstein, St. Louis, Mo., for plaintiff.
R. W. Yost, St. Louis, Mo., for defendant.

MEMORANDUM
REGAN, District Judge.
This matter is before the Court on motion of defendant for summary judgment. The determinative facts on the issue of liability are not in dispute.
The action was brought under Title VII on the theory that plaintiff, a caucasian male, was discriminated against on the basis of sex by reason of defendant's requirement that plaintiff comply with grooming standards applicable only to male employees, namely that the hair may not be so long as to cover the shirt collar nor completely cover the ears or fall below the eyebrows. Plaintiff was in violation of these grooming standards on six occasions. Each time, the violation was called to his attention. On March 22, 1973, the third such occasion, plaintiff was told that unless he had his hair cut he would not be allowed to work until he did so. Plaintiff thereupon left the office to obtain a haircut and was absent four hours, an absence which cost him a half days' pay. In the department where plaintiff is employed there are 183 male and 37 female employees. Although the complaint charges race and color discrimination, it is conceded that sex discrimination alone is the basis of plaintiff's claim.
The precise and only issue is whether a private employer may impose a grooming standard on its male employees to which its female employees are not subject. We hold that the male grooming standard is not violative of Title VII and does not discriminate against plaintiff on the basis of sex within the meaning of the law. The objective of the statute is to achieve equality of employment opportunities, by prohibiting an employer from denying an individual the right to acquire or retain a job or the perquisites thereof simply because that individual is either a male or a female. In our judgment the grooming standard is a reasonable one which defendant may impose on males in the exercise of its right to determine how best to run its business. The distinction between men and women on the basis of hair length is clearly distinguishable from distinctions based on immutable or protected sexual characteristics. So far as we are aware, every appellate court which has considered this question has reached a similar conclusion. See, e. g. Dodge v. Giant Food, Inc., 160 U.S.App.D.C. 9, 488 F.2d 1333 and Willingham v. Telegraph Publishing Co., 5 Cir., 507 F.2d 1084, 1975.
Accordingly, it is hereby ordered that defendant's motion for summary judgment be and the same is hereby sustained, and judgment will be entered dismissing this action with prejudice at plaintiff's costs.